**EXHIBIT B TO NOTICE OF REMOVAL**

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

A.B.L.E. SERVICES, INC., a California Corporation; and DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RYAN VAIR, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**11/20/2013** at 11:07:08 AM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court<br><br>700 Civic Center Drive West<br>Santa Ana, California 92701 | CASE NUMBER:<br>*(Número del Caso)*<br>30-2013-00688705-CU-WT-CJC<br><br>Judge James J. Di Cesare |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FARNELL & NORMAN, 2020 Main Street, Suite 770, Irvine, California 92614; (949) 553-1300

| | | |
|---|---|---|
| DATE: 11/20/2013<br>*(Fecha)* | ALAN CARLSON, Clerk of the Court | , Deputy<br>Diana Cuevas |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ABLE SERVICES

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT B
Page 10

1

LAW OFFICES OF
**FARNELL & NORMAN**
TRIAL LAWYERS

2   R. RICHARD FARNELL, BAR NO. 042448
RONALD E. NORMAN, BAR NO. 104752

3   2020 MAIN STREET, SUITE 770
IRVINE, CALIFORNIA 92614

4   TELEPHONE (949) 553-1300; FAX (866) 600-2057

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

11/20/2013 at 11:07:09 AM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

5

6   Attorneys for Plaintiff RYAN VAIR

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ORANGE

10  |                                    | ) | CASE NO.   30-2013-00688705-CU-WT-CJC |

| RYAN VAIR, an individual, | Judge James Di Cesare |
| | COMPLAINT FOR: |
| Plaintiff, | 1. **WRONGFUL TERMINATION IN VIOLATION OF FMLA/CFRA;** |
| | 2. **WRONGFUL TERMINATION AND DISCRIMINATION IN VIOLATION OF PUBLIC POLICY BASED UPON FMLA/CFRA;** |
| v. | 3. **RETALIATION IN VIOLATION OF FMLA/CFRA;** |
| | 4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| A.B.L.E. SERVICES, INC., a California Corporation; and DOES 1 through 100, Inclusive | 5. **BREACH OF THE IMPLIED COVENANT OF "GOOD CAUSE";** |
| | 6. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** |
| | 7. **FAILURE TO PAY MINIMUM WAGES;** |
| Defendants. | 8. **FAILURE TO PAY DAILY OVERTIME;** |
| | 9. **FAILURE TO ISSUE ITEMIZED WAGE STATEMENTS;** |
| | 10. **UNFAIR BUSINESS PRACTICES** |
| | 11. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | **DEMAND FOR JURY TRIAL** |

1

COMPLAINT                                FARNELL & NORMAN

Plaintiff RYAN VAIR hereby alleges the following:

## GENERAL ALLEGATIONS

1.      Plaintiff RYAN VAIR (hereinafter "Plaintiff" and/or "VAIR") is and at all times mentioned herein was a resident of the County of Orange, State of California.

2.      Plaintiff is informed and believes and thereon alleges that Defendant A.B.L.E. SERVICES, INC. (hereinafter "Defendant" and/or "ABLE") is, and at all relevant times was, a corporation organized and existing under the laws of the State of California with its principle place of business in Orange County, California and is an entity subject to suit under the *California Fair Employment and Housing Act (FEHA)*. Defendant ABLE was the employer of Plaintiff.

3.      The true and correct names of Defendants named herein as DOES 1 through 100, inclusive, whether individual, corporate, and associate or otherwise are not now known to Plaintiff and such Defendants are therefore sued by fictitious names. Plaintiff will amend his Complaint to allege their true names and capacities when ascertained. By reference to Defendants, Plaintiff intends to, and does refer to each and all of the Defendants named herein in each and every capacity sued herein.

4.      Plaintiff is informed and believes and upon such information and belief alleges that each of the DOE Defendants is also responsible in some manner for the occurrences herein alleged, and proximately caused injury and damages to Plaintiff.

5.      Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants are now, and have been at all times herein mentioned, the agent, servant, employee, partner, associate, joint venture, co-participant, co-conspirator and/or principal of, or with each of the remaining Defendants, that each Defendant has been, at all times herein mentioned, acting within the scope of such relationship and with the full knowledge, consent, authority, ratification and/or permission of each of the remaining Defendants.

6.      Plaintiff is informed and believes and thereon alleges that Defendants adopted, ratified and authorized the conduct of their Co-Defendants and had advanced knowledge of the

COMPLAINT                                    FARNELL & NORMAN

1  fitness of their employees and employees of their Co-Defendants. Each act complained herein

2  was performed, ratified, condoned and known about by an officer, director or managing agent of

3  Defendants. Plaintiff is informed and believes and thereon alleges that Defendants aided and

4  abetted and conspired with each and every other Defendant to commit each act alleged herein.

5       7.     Beginning on or about January 8, 2008, and continuing until the Plaintiff's

6  wrongful termination by Defendants on or about April 1, 2012, VAIR was employed as a district

7  manager by Defendant ABLE. During the term of his employment, VAIR at all times performed

8  his job diligently and conscientiously and did nothing to justify discrimination, retaliation or

9  discharge for cause or otherwise.

10      8.     Plaintiff exhausted his administrative remedies by filing complaints against each

11  Defendant with, and requesting a Right-to-Sue notice from the *California Department of Fair*

12  *Employment and Housing ("DFEH")*. The *DFEH* issued Plaintiff's Right-to-Sue letter.

**FIRST CAUSE OF ACTION**

**Wrongful Termination**

**In Violation of FMLA/CFRA**

**(Against All Defendants)**

17      9.     Plaintiff complains, realleges, repleads and incorporates as though fully set forth

18  herein, each and every paragraph 1 through 8 of this complaint.

19      10.    Defendants, and each of them, are employers under *California Government Code*

20  *§12945.2*, known as the *California Family Rights Act*, or "CFRA", in that Defendants, and each

21  of them, are engaged in commerce, or an industry or activity affecting commerce, and employ 50

22  or more employees for each working day during each of 20 or more calendar work weeks in the

23  current or preceding calendar year.

24      11.    This cause of action is based upon the violation of the *CFRA* as codified in

25  *California Government Code §12945.2* against ABLE for taking adverse employment actions

26  against Plaintiff, failing to reinstate Plaintiff to the position he held prior to the leave, and

27  discharging him because he sought and did exercise his rights under the *CFRA* after Plaintiff

3

COMPLAINT               FARNELL & NORMAN

1    took a *CFRA/FMLA* medical leave of absence because of a "serious health condition" and/or

2    disability of VAIR's spouse.

3           12.    The *CFRA*, which is contained within the *Fair Employment and Housing Act,*

4    *§12900, et seq.* was intended to give employees an opportunity to take leave from work, for

5    certain personal or family medical reasons without jeopardizing job security.   Generally, the

6    *CFRA* makes it an unlawful employment practice for an employer of 50 or more persons to

7    refuse to grant a request by an employee to take up to 12 work weeks in any twelve month period

8    for family care and medical leave.  *(Section 12945.2(a) and (c).)* By prohibiting employment

9    discrimination based upon family and medical leave, the *CFRA* strengthens the *FEHA's* general

10   goal of preventing the deleterious effects of employment discrimination and furthers the *CFRA's*

11   specific goal of promoting stability and economic security in California families.  (The *CFRA*

12   has a federal law counterpart – the *FMLA, 29 USC, §§ 2601-2654.)*

13          13.    Employees may be eligible to take up to 12 weeks of leave under the *FMLA* and

14   *CFRA* if they have worked for their employer for at least 12 months, and have worked for at least

15   1,250 hours over the previous 12 months, at a location where at least 50 employees are employed

16   by the employer within 75 miles. See 29 *U.S.C.* § 2611(2); *Cal. Government Code* §

17   12945.2(a)(b); 2 *Cal. Code Regs.* § 7297.0(e).  VAIR was entitled to an *FMLA/CFRA* leave since

18   he had worked for Defendant for at least 12 months, and had worked for at least 1,250 hours over

19   the previous 12 months, at a location where at least 50 employees were employed by the

20   employer within 75 miles prior to asking for a leave of absence.

21          14.    Leave may be taken under the *FMLA* and *CFRA* by an eligible employee in order

22   to care for the employee's spouse, son, daughter or parent with a "serious health condition." 29

23   *U.S.C.* § 2612(a)(1)(C); 29 *CFR* § 825.112(a)(3).  VAIR's spouse was diagnosed with the

24   serious health condition of epilepsy and VAIR's son was diagnosed with the serious health

25   condition of autism prior to VAIR asking for a leave of absence.  VAIR informed Defendants of

26   his family's serious health conditions upon commencement of his employment.

27

4

COMPLAINT                                                        FARNELL & NORMAN

15.     On or about January 8, 2008, VAIR was hired at ABLE as a manager for the cleaning company.  VAIR was a very hard-working employee, and would work all hours of the night, averaging twelve to twenty-four hour day workdays.

16.     During VAIR's employment with ABLE, VAIR's family's apartment had major mold infestation so they were required to move out.  On or about February 1, 2012, VAIR's wife had a seizure due to her epilepsy condition, and as a result, suffered a broken nose and severe concussion.  VAIR asked his supervisor if VAIR could take some time off to care for his wife and son (since VAIR's wife could not care for their son during this time).  VAIR's boss responded it's either your job or your family.

17.     Just prior to this, ABLE had been investigated by ICE, and ICE had forced the company to terminate all undocumented workers there.  As a result, ABLE became extremely understaffed.  VAIR took the responsibility of taking on considerably more hours in order to compensate for the company being understaffed.  VAIR's manager told him that ABLE wanted him to stay since they were so understaffed.

18.     After his request for a medical leave was denied by his supervisor, VAIR sent an email to the Human Resources Department (HR) at ABLE telling them about the ultimatum VAIR's supervisor had given in response to his request.  Within 24 hours, HR responded that VAIR was approved for *FMLA* leave.  ABLE allowed VAIR to take the company car with him.  At some point during the leave, ABLE asked for the company car back.  Once he came back from his *FMLA* leave, VAIR was ushered in to his manager's office and was told he was being let go due to "poor performance."  This was a pretext, as VAIR was terminated him upon his return from his *FMLA* leave in violation of the *FMLA* and *CFRA*, because VAIR's manager was disgruntled and was retaliating against Plaintiff because VAIR requested an FMLA leave from Defendant after his manager had wrongfully refused his request for an FMLA leave.

///

///

///

5

COMPLAINT                                FARNELL & NORMAN

19.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

20.     As a further direct and proximate result of the Defendants' unlawful employment practices, the Plaintiff has suffered noneconomic damages and emotional distress, including but not limited to humiliation, embarrassment, loss of sleep, anxiety, and depression.

21.     The acts and conduct of Defendants and each of them, constituted "malice" (as that term is defined in California *Civil Code § 3294(c)(1)),* in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

22.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code § 3294* on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

23.     Plaintiff is entitled to attorneys' fees, expert witness fees and costs of suit pursuant to 29 *USC* § 2617(a)(3); 29 *CFR* § 825.400(c); *Dotson v. Pfizer, Inc.,* (2009) 558 F.3d 284, 303.

///

///

///

///

///

6

COMPLAINT                    FARNELL & NORMAN

## SECOND CAUSE OF ACTION

### Wrongful Termination and Discrimination

### In Violation of *Public Policy*

### Based Upon FMLA/CFRA

### (Against All Defendants)

24.     Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 23, inclusive of the General Allegations as though set forth herein.

25.     At all times herein mentioned, the public policies of the State of California as expressed and mandated in and among others, *California Government Code §12945.2,* known as the *California Family Rights Act,* or "CFRA" which is contained within the *Fair Employment and Housing Act §12900, et seq.,* makes it an unlawful employment practice for an employer to retaliate or take an adverse employment action against an employee who requests an FMLA leave of absence because of a "serious health condition" of the employee's spouse or son, by failing to reinstate the employees to their previous position, or one of equal stature, once they return from their medical leave.   Under California law, no employee can be terminated for a reason that is in violation of a fundamental public policy, which is any articulable constitutional, statutory, or regulatory provision that is concerned with a matter impacting society at large rather than a purely personal or proprietary interest of the employee or the employer.   The provisions outlined in the CFRA and FMLA and FEHA are concerned with a matter impacting society at large.

26.     The public policies of the State of California are designed to protect all employees and promote the welfare and well-being of the community at large.   Accordingly, the actions of Defendants and each of them, in discriminating, harassing, retaliating and terminating the Plaintiff on the grounds stated above was wrongful and in contravention of the express public policies set forth in *California Government Code §12945.2,* the *Fair Employment and Housing Act §12900, et seq.,* the California Constitution and other public policies of the State of California.

7

COMPLAINT                                      FARNELL & NORMAN

27.    As a direct and proximate result of the Defendants' actions against Plaintiff, as alleged above, VAIR has been harmed in that he has suffered humiliation, mental anguish, and emotional distress and has been injured in mind and body.  As a result of said conduct, Plaintiff has suffered such damages in an amount according to proof.

28.    As a further, direct and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiff has been and will continue to be injured in his future employment, occupation and income in an amount which will be proven at trial.

29.    That as a direct and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiff has suffered general and special damages, the exact amount which will be proven at trial.

30.    That by reason of the facts which have been set forth hereinabove, Defendants have acted willfully, maliciously, despicably, oppressively and fraudulently towards Plaintiff and have caused him injury in a willful and conscious disregard of his rights, health, safety and feelings.  Defendants have further acted maliciously, despicably, oppressively and fraudulently and in willful and conscious disregard of her rights, to an additional extent which is unknown to Plaintiff at this time, but is well known to Defendants.  Plaintiff will amend this Complaint to set forth further instances of such malice, despicableness, oppression, fraud and conscious disregard when the same becomes known to him, or at the time of trial of the within action.  That by reason of the foregoing, Plaintiff demands punitive and exemplary damages from each Defendant, to the extent permitted by law, in a sufficient sum to be awarded by the trier of fact at the time of trial.

31.    That Plaintiff is further entitled to prejudgment interest at the legal rate per annum according to proof.

### THIRD CAUSE OF ACTION

### Retaliation in Violation of CFRA/FMLA

### (Against All Defendants)

32.    Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 31, inclusive of the General Allegations as though set forth herein.

COMPLAINT                                        FARNELL & NORMAN

33. At all times mentioned herein, the Plaintiff was entitled to leave under the *CFRA/FMLA*, and exercised his right to take leave for a qualifying *CFRA/FMLA* purpose for a "serious health condition" of the employee's spouse.

34. Thereafter on or about April 1, 2012, Defendant retaliated against the Plaintiff by not allowing Plaintiff to return to his position or an equivalent position, and instead discharging the Plaintiff in further retaliation thereof.

35. In retaliating against Plaintiff because he exercised his rights under *CFRA/FMLA*, terminating the Plaintiff's employment for taking a *CFRA/FMLA* protected absence, refusing to reinstate the Plaintiff after his termination, and thereafter wrongfully discharging Plaintiff, Defendants, and each of them violated *Government Code §12940, §12945.2, et seq.*, and the corresponding California regulations, including without limitation, *§7292.1, et seq.*

36. As a direct, foreseeable, and proximate result of the actions of said Defendant, as described in this cause of action, the Plaintiff has suffered, and continues to suffer substantial losses in income, salary, bonuses, job benefits , and other employment benefits he would have received from said Defendant, plus expenses incurred in obtaining substitute employment and not being regularly employed for months, as well as financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

37. As a further direct and proximate result of said Defendant's unlawful discrimination and failures under this action, the Plaintiff has suffered, and continues to suffer, extreme and severe anguish, humiliation, emotional distress and mental suffering, in a sum within the jurisdiction of this court, to be ascertained according to proof.

38. Defendant acted in a grossly reckless, and/or intentional, malicious, and bad faith manner when they willfully violated the statutes enumerated in this cause of action and retaliated against the Plaintiff for refusing to comply with their willful violations of the above-referenced statutes and terminating the Plaintiff in violation of the law.

39. The acts and conduct of Defendants and each of them, constituted "malice" (as that term is defined in *California Civil Code §3294(c)(1))*, in that it was intended by Defendants,

9

COMPLAINT                    FARNELL & NORMAN

1   and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by

2   the Defendants, and each of them, with a willful and conscious disregard of the rights of

3   Plaintiff.

4         40.    The acts of Defendants, and each of them, were done fraudulently, maliciously

5   and oppressively and with the advance knowledge, conscious disregard, authorization,

6   ratification or act of oppression, within the meaning of *Civil Code § 3294* on the part of

7   Defendants' officers, directors, or managing agents of the corporation. The actions and conduct

8   of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit

9   and concealment of material facts known to Defendants, and each of them, with the intention on

10   the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of

11   exemplary and punitive damages in an amount according to proof.

12         41.    Plaintiff is entitled to attorneys' fees pursuant to *Government Code §12965(b).*

**FOURTH CAUSE OF ACTION**

**Wrongful Termination**

**In Violation of Public Policy**

**(Against All Defendants)**

17         42.    Plaintiff complains, realleges, repleads and incorporates as though fully set forth

18   herein, each and every paragraph 1 through 41 of this complaint.

19         43.    Under California law, no employee can be terminated for a reason that is in

20   violation of a fundamental public policy, which is any articulable constitutional, statutory, or

21   regulatory provision that is concerned with a matter impacting society at large rather than a

22   purely personal or proprietary interest of the employee or the employer. Moreover, the public

23   policy must be fundamental, substantial, and well established at the time of discharge. Plaintiff

24   is informed and believes, and thereupon alleges, that Defendants terminated Plaintiff in violation

25   of the following well established, public, substantial and fundamental public policies:

10

COMPLAINT                     FARNELL & NORMAN

(a)     The public policies set forth in the *California Family Rights Act* and *Government Code §12945.2*, which requires employers to reinstate employees who take a protected leave under the *CFRA* or the *FMLA* to their same position or one of equivalence;

(b)     The public policies set forth in the *California Family Rights Act* and *Government Code §12945.2*, which prohibits employers from terminating, discriminating, and retaliating against their employees because of their employees exercise of their rights under the *CFRA* or the *FMLA*, by taking family or medical care leave;

(c)     The public policies set forth in the *California Fair Employment & Housing Act*, which prohibits employers from terminating, discriminating, and retaliating against their employees because of their employees exercise of their rights under the *FEHA*, by taking family or medical care leave;

(d)     The public policies set forth in *Government Code § 12940, et seq.*, prohibiting employers from discriminating and retaliating against any individual based upon a perceived and/or physical disability and for discriminating against and discharging any individual for engaging in protected activities under *Government Code § 12940*;

(e)     *California Business and Professions Code § 17200, et seq.*, which prohibits an employer from engaging in unlawful business practices in order to gain unfair advantage over competitors who comply with said laws and as a result earn less profit.

(f)     All other state and federal statutes, regulations, administrative orders and ordinances which effect society at large and which discovery will reveal or violate by all named and Doe Defendants.

44.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

45.     As a further direct and proximate result of the Defendants' unlawful employment practices, the Plaintiff has suffered noneconomic damages and emotional distress, including but not limited to humiliation, embarrassment, loss of sleep, anxiety, and depression.

COMPLAINT                                         FARNELL & NORMAN

46.   The acts and conduct of Defendants, and each of them, constituted "malice" (as that term is defined in *California Civil Code § 3294(c)(1)*), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

47.   The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code § 3294* on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

48.   Plaintiff is entitled to attorneys' fees pursuant to *Government Code § 12965.*

### FIFTH CAUSE OF ACTION

#### Breach of the Implied Covenant of "Good Cause"

#### For Termination

#### (Against All Defendants)

49.   Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 48 of this complaint.

50.   The employment agreement and relationship as described hereinabove contains an implied covenant that the employer not discharge Plaintiff without "good cause," whereby Defendants were prohibited from discharging the Plaintiff without "good cause" and in violation of California law and public policy.

51.   As alleged hereinabove, the Plaintiff properly performed all duties and conditions of his employment and reasonably relied upon the covenant that Defendants not discharge Plaintiff without "good cause." Nevertheless, Defendants breached the covenant by discharging

12

EXHIBIT B
Page 22

1    the Plaintiff without "good cause" and in violation of the public policy and the laws of the State

2    of California, with the intent to injure the Plaintiff and to deny him the benefits of his

3    employment with Defendants.

4       52.     As a direct and proximate result of Defendants' wrongful conduct, the Plaintiff

5    has sustained economic damages in earnings and other employment benefits in an amount

6    according to proof.

7                     **SIXTH CAUSE OF ACTION**

8         **Breach of the Implied Covenant of Good Faith and Fair Dealing**

9                  **(Against All Defendants)**

10      53.     Plaintiff complains, realleges, repleads and incorporates as though fully set forth

11    herein, each and every paragraph 1 through 52 of this complaint.

12      54.     The employment agreement and relationship as described hereinabove contains an

13    implied relationship of good faith and fair dealing which obligates each party to the employment

14    relationship to act with fairness and in good faith toward each other and Defendants were

15    obligated to exercise fairness and good faith in all matters pertaining to the Plaintiff's

16    employment and to do nothing to injure the Plaintiff or to deprive the Plaintiff of the benefits

17    thereof. Specifically, the implied covenant of good faith and fair dealing prohibits Defendants

18    from discharging the Plaintiff without cause and in violation of California law and public policy.

19      55.     Defendants breached the covenant of good faith and fair dealing by discharging

20    the Plaintiff without cause and in violation of public policy and laws of the State of California,

21    with the intent to injure the Plaintiff and deny him the benefits of his employment with

22    Defendants.

23      56.     As a direct and proximate result of Defendants' wrongful conduct, the Plaintiff

24    has sustained economic damages in earnings and other employment benefits in an amount

25    according to proof.

26    ///

27    ///

13

COMPLAINT                         FARNELL & NORMAN

## SEVENTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### Violation of *California Labor Code §§ 1194, 1194.2*

### (Against All Defendants)

57.     Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 56 of this complaint.

58.     *California Labor Code* § 1194 requires that "notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

59.     Plaintiff was required to perform job duties either before or after his scheduled work time, or both, but was not compensated for this work and was paid below the California minimum wage for each hour (or part thereof) worked, in violation of *Labor Code* § 1194. Plaintiff was misclassified as an exempt "supervisor" although he was not performing supervisory duties for many of the extra hours he worked. Plaintiff is informed and believes and thereon alleges that he was "misclassified" as an exempt supervisor in order to deliberately avoid paying his overtime hours.

60.     As a result of violating *Labor Code* § 1194, Plaintiff is entitled to recover "liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon" under *Labor Code* § 1194.2 and attorney's fees and costs pursuant to *Labor Code* § 1194.3.

## EIGHTH CAUSE OF ACTION

### Failure to Pay Daily Overtime

### In Violation of *Labor Code §§ 510, 1194, 1198* and Wage Order No. 5 § 3

### (Against All Defendants)

61.     Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 60 of this complaint.

14

COMPLAINT                                        FARNELL & NORMAN

62.     Section 510 of the *California Labor Code* provides in part, that "any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee and any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee..."

63.     Section 3(a)(1) of Wage Order No. 5 also mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work more than eight hours in a day or forty hours in a week, and two times their regular rate of pay for any work in excess of twelve hours in one day.

64.     At all times relevant hereto, Plaintiff was non-exempt for purposes of the overtime requirements set forth in the California Labor Code and Wage Order No. 5.

65.     As alleged herein, Defendants' actions or omissions were also reprehensible and in blatant violation of California law and public policy.

66.     Under Section 1194 of the California Labor Code, an employee receiving less than the legal overtime compensation applicable to the employee is authorized to bring suit for the unpaid balance of the full amount of the overtime owed to him, including interest, reasonable attorney's fees and costs of the suit.  Accordingly, pursuant to *California Labor Code* § 1194, Plaintiff seeks to recover unpaid overtime in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**

**Failure to Issue Accurate Itemized Wage Statements**

**Violation of *Cal. Labor Code* §§ 226, 226.3**

**(Against All Defendants)**

67.     Plaintiff realleges and incorporates herein by reference the allegations contained in the above paragraphs, inclusive of the General Allegations as though set forth herein.

68.     Section 226(a) of the California Labor Code provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part

15

COMPLAINT                                      FARNELL & NORMAN

of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, and accurate statement in writing showing (a) gross wages earned, (b) total hours worked by the employee, (c) the number of piece-rate units earned, (d) all deductions, (e) net wages earned, (f) the inclusive dates of the period for which the employee is paid, (g) the name of the employee and his or her social security number, (h) the name and address of the legal entity that is the employer, and (i) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

69.    Section 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorney's fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

70.    As set forth above, Defendants knowingly provided Plaintiff with itemized wage statements containing inaccurate information regarding the hours worked and wages earned by Plaintiff stemming from time spent working for Defendants prior to the start of his shift and/or at the end of his shift, for all time spent working for Defendants in excess of eight hours per day, and for working through meal/rest periods without compensation.

71.    Defendants' failure to provide Plaintiff with accurate itemized wage statements has caused Plaintiffs to incur economic damages in that he was not paid for all hours worked.

72.    As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff, Defendants are in violation of *Labor Code* § 226(a), and Plaintiff is entitled to recover an initial penalty of $50, and subsequent penalties of up to $100, up to an amount not exceeding an aggregate penalty of $4,000 from Defendants pursuant to § 226(e) of the *Labor Code*.

///

16

COMPLAINT                                    FARNELL & NORMAN

## TENTH CAUSE OF ACTION

### Unfair Business Practices

### Violation of *Business and Professions Code §17200, et seq.*

### (Against All Defendants)

73.     Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 72 of this complaint.

74.     Defendants conduct, including but not limited to the wrongful discharge, discrimination, failure to comply with public polices, failure to provide workers compensation benefits and failure to comply with the *Labor Code*, as alleged hereinabove, constitutes unfair business practices in violation of *Business and Professions Code § 17200, et seq.*

75.     Plaintiffs seek restitution of all unlawfully retained wages and commissions obtained through the unfair business practices arising from the above violations of the *California Labor Code*, pursuant to *Business and Professions Code § 17203.*

76.     Plaintiff seeks an injunction against said practices.

77.     Said remedies are necessary in order to deter unfair business practices and in order to provide restitution for unfair business practices.

## ELEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against All Defendants)

78.     Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 77 of this complaint.

79.     The above described conduct of Defendants in wrongfully discharging Plaintiff in violation of public policies, and discriminating and retaliating against Plaintiff in violation of, among others, the *FEHA* was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish and emotional and physical distress. Defendants' conduct was further done with a wanton and reckless disregard of the consequences to Plaintiff.

17

COMPLAINT                                  FARNELL & NORMAN

80.    As a direct and proximate result of the aforementioned conduct of the Defendants, Plaintiff has suffered and continues to suffer from severe emotional distress, as a result of the discriminatory and retaliatory conduct as described herein.

81.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

82.    As a further direct and proximate result of the Defendants' unlawful employment practices, the Plaintiff has suffered noneconomic damages and emotional distress, including but not limited to humiliation, embarrassment, loss of sleep, anxiety, and depression.

83.    The acts and conduct of Defendants, and each of them, constituted "malice" (as that term is defined in California *Civil Code § 3294(c)(1)*), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

84.    The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code § 3294* on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property or legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

85.    Plaintiff is entitled to attorneys' fees pursuant to *Government Code § 12965*.

///
///
///
///

18

COMPLAINT                          FARNELL & NORMAN

## PRAYER

Plaintiff RYAN VAIR prays for judgment against Defendants, and each of them as follows:

1.    For compensatory and special damages according to proof at the time of trial;

2.    For general damages according to proof at the time of trial;

3.    For restitution and injunctive relief;

4.    For punitive and exemplary damages and penalties where allowed by law;

5.    For attorneys' fees pursuant to *Government Code Section 12965(b);*

6.    For all civil penalties pursuant to *Labor Code* §§ 226, 512, and 558;

7.    For costs of suit including reasonable attorney's fees pursuant to the provisions of California law, including but not limited to *California Labor Code* §§ 218.5, 1194(a), and 2699; *California Code of Civil Procedure* § 1021.5, *California Government Code* § 12940 et seq., and all other applicable statutes and provisions of California law;

8.    For interest for all due and unpaid wages, pursuant to the provisions of California law, including but not limited to *California Labor Code* § 218.6;

9.    For statutory damages as provided by law; and

10.    For such other and further relief as the Court may deem just and proper.

Dated: November _11_, 2013          FARNELL & NORMAN

By: _____
    RONALD E. NORMAN
    Attorneys for Plaintiff
    RYAN VAIR

19

COMPLAINT                                    FARNELL & NORMAN

## DEMAND FOR JURY TRIAL

Plaintiff RYAN VAIR hereby demands a trial by jury.

Dated: November _11_, 2013                    FARNELL & NORMAN

By: _____
RONALD E. NORMAN
Attorneys for Plaintiff
RYAN VAIR

20

COMPLAINT                                    FARNELL & NORMAN

1    LAW OFFICES OF
     **FARNELL & NORMAN**
     TRIAL LAWYERS
2    R. RICHARD FARNELL, BAR NO. 042448
     RONALD E. NORMAN, BAR NO. 104752
3    2020 MAIN STREET, SUITE 770
     IRVINE, CALIFORNIA 92614
4    TELEPHONE (949) 553-1300; FAX (866) 600-2067

5

6    Attorneys for Plaintiff RYAN VAIR

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF ORANGE**

10   RYAN VAIR, an individual,              ) CASE NO. 30-201300688705-CU-WT-CJC
                                            ) *Honorable Judge James DiCesare*
11                                          ) *Department C16*
                                            )
12              Plaintiff,                  )
                                            ) **AMENDMENT TO COMPLAINT**
13                                          )
                                            )
14                                          )
                                            )
15          v.                              )
                                            )
16                                          )
                                            )
17   A.B.L.E. SERVICES, INC., a California  )
     Corporation; and DOES 1 through 100,   )
18   Inclusive                              )
                                            )
19                                          )
                                            )
20                                          )
                                            )
21              Defendants.                 )
                                            )
22                                          )
                                            )
23                                          )
                                            )
24                                          )
                                            ) Complaint Filed: 11-20-2013
25                                          )
                                            )
26                                          )

27

                            1
     AMENDMENT TO COMPLAINT              FARNELL & NORMAN

1        Plaintiff RYAN VAIR hereby amends his complaint in the following particulars:

2        1.     The name of Defendant A.B.L.E. SERVICES, INC. is amended and changed to

3   ABLE SERVICES as follows:

4        2.     In the caption of the Complaint at page 1, line 18;

5        3.     Page 2, line 5 through 6;

6        4.     All references to ABLE throughout the Complaint should be amended to ABLE

7   SERVICES.

8

9   DATED: May 13, 2014          FARNELL & NORMAN

10

11

12                  By:

13                     RONALD E. NORMAN
                  Attorneys for Plaintiff
                  RYAN VAIR

14

15

16

17

18

19

20

21

22

23

24

25

26

27

2

AMENDMENT TO COMPLAINT           FARNELL & NORMAN

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>LAW OFFICES OF FARNELL & NORMAN (SBN#104752)<br>2020 Main Street, Suite 770<br>Irvine, California 92614<br>(949) 553-1300<br>TELEPHONE NO.: (949) 553-1300   FAX NO. *(Name)*: (866) 600-2067<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**11/20/2013** at 11:07:08 AM<br>Clerk of the Superior Court<br>By Diana Cuevas, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: Post Office Box 838
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Judicial District

CASE NAME:
RYAN VAIR v. A.B.L.E. SERVICES, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2013-00688705-CU-WT-CJC |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:  Judge James J. Di Cesare<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (25)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify)*:  11
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:   November 11, 2013
       RONALD E. NORMAN
       (TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

- DO NOT FILE WITH THE COURT-
--UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>Ronald E. Norman, Esq. (SBN #104752)<br>Law Offices of Farnell & Norman<br>2020 Main Street, Suite 770<br>Irvine, California 92614<br>ATTORNEY FOR *(name):* Plaintiff | TELEPHONE NO.:<br>(949) 553-1300 | FOR COURT USE ONLY |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive
MAILING ADDRESS: P.O. Box 838
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Judicial District

PLAINTIFF: RYAN VAIR
DEFENDANT: A.B.L.E. SERVICES, INC., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>30-2013-00688705-CU-WT-CJC |
|---|---|

To *(name of one defendant only):* A.B.L.E. SERVICES, INC.
Plaintiff *(name of one plaintiff only):* RYAN VAIR
seeks damages in the above-entitled action, as follows:

**AMOUNT**

1. **General damages**

   a. ☑ Pain, suffering, and inconvenience ...................................... $ 500,000.00

   b. ☑ Emotional distress. ...................................................... $ 500,000.00

   c. ☐ Loss of consortium ..................................................... $ _____

   d. ☐ Loss of society and companionship *(wrongful death actions only)* ........ $ _____

   e. ☐ Other *(specify)* ....................................................... $ _____

   f. ☐ Other *(specify)* ....................................................... $ _____

   g. ☐ Continued on Attachment 1.g.

2. **Special damages**

   a. ☐ Medical expenses *(to date)* ........................................... $ _____

   b. ☐ Future medical expenses *(present value)* .............................. $ _____

   c. ☑ Loss of earnings *(to date)* .......................................... $ 150,000.00

   d. ☑ Loss of future earning capacity *(present value)* ...................... $ 500,000.00

   e. ☐ Property damage ....................................................... $ _____

   f. ☐ Funeral expenses *(wrongful death actions only)* ....................... $ _____

   g. ☐ Future contributions *(present value) (wrongful death actions only)* .... $ _____

   h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____

   i. ☐ Other *(specify)* ..................................................... $ _____

   j. ☐ Other *(specify)* ..................................................... $ _____

   k. ☐ Continued on Attachment 2.k.

3. ☑ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 2,000,000.00
   when pursuing a judgment in the suit filed against you.

Date: December 5, 2013

Ronald E. Norman, Esq.
_____
(TYPE OR PRINT NAME)

(Proof of service on reverse)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* SBN #104752 | FOR COURT USE ONLY |
|---|---|

LAW OFFICES OF FARNELL & NORMAN
2020 Main Street, Suite 770
Irvine, California 92614

TELEPHONE NO.: (949) 553-1300   FAX NO. *(Optional):* 866-600-2067
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: Post Office Box 22014
CITY AND ZIP CODE: Santa Ana, California 92702
BRANCH NAME: Central Judicial District

PLAINTIFF/PETITIONER: RYAN VAIR

DEFENDANT/RESPONDENT: A.B.L.E. SERVICE, INC.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☑ UNLIMITED CASE   ☐ LIMITED CASE | 30-2013-00688705-CU-WT-CJC |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: July 18, 2014   Time: 9:00 a.m.   Dept.: C18   Div.:   Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):* Plaintiff
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* November 20, 2013
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☑ The following parties named in the complaint or cross-complaint
       (1) ☐ have not been served *(specify names and explain why not):*
       (2) ☑ have been served but have not appeared and have not been dismissed *(specify names):*
           ABLE SERVICES, INC.
       (3) ☑ have had a default entered against them *(specify names):*
           A.B.L.E. SERVICES, INC.
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint   ☐ cross-complaint   *(Describe, including causes of action):*
      Wrongful Termination; Discrimination; Retaliation; Breach of the Implied Covenant of Good Cause; Breach of
      the Implied Covenant of Good Faith & Fair Dealing; Failure to Pay Minimum Wages, etc.

Page 1 of 5

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | CASE MANAGEMENT STATEMENT | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: RYAN VAIR | CASE NUMBER: |
| DEFENDANT/RESPONDENT: A.B.L.E. SERVICE, INC. | 30-2013-00688705-CU-WT-CJC |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff was wrongfully terminated by Defendant from his position for taking FMLA medical leave from work for certain personal/family medical reasons. As a result, Plaintiff has suffered substantial emotional injuries and financial damages.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date)*:
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:
Plaintiff's counsel is currently unavailable for the following previously scheduled dates: Trial/Hearing Dates:
6-3-14; 6-16-14; 10-6-14; 7-14-14; 9-5-14; 9-19-14; 9-29-14; 10-27-14; 12-8-14; 12-16-14; 1-26-15; 2-3-15

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)*:
a. ☑ days *(specify number)*: 3-5 days
b. ☐ hours (short causes) *(specify)*:

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☑ by the following:
a. Attorney: Ronald E. Norman, Esq.
b. Firm: Law Offices of Farnell & Norman
c. Address: 2020 Main Street, Suite 770, Irvine, CA 92614
d. Telephone number: (949) 553-1300              f. Fax number: 866-600-2067
e. E-mail address: rnorman@fknlaw.com; catherine@fknlaw.co    g. Party represented: Plaintiff
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section)*:

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☑ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** *(if available)*.
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:

CM-110

| PLAINTIFF/PETITIONER: RYAN VAIR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: A.B.L.E. SERVICE, INC. | 30-2013-00688705-CU-WT-CJC |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]                          **CASE MANAGEMENT STATEMENT**                          Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: RYAN VAIR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: A.B.L.E. SERVICE, INC. | 30-2013-00688705-CU-WT-CJC |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement (name):
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other (specify):
Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | 60-90 Days |
| Plaintiff | Various Depositions | 60-90 Days |
| Plaintiff | Expert Discovery & Depositions | TBD |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):

CM-110

| PLAINTIFF/PETITIONER: | RYAN VAIR | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | A.B.L.E. SERVICE, INC. | 30-2013-00688705-CU-WT-CJC |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:   July 3, 2014

RONALD E. NORMAN, ESQ.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

EXHIBIT B
Page 39

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 03 2014

ALAN CARLSON, Clerk of the Court

C. Carr cc

BY C.CARR

LAW OFFICES OF
**FARNELL & NORMAN**
TRIAL LAWYERS
R. RICHARD FARNELL, BAR NO. 042443
RONALD E. NORMAN, BAR NO. 104752
2000 MAIN STREET, SUITE 770
IRVINE, CALIFORNIA 92614
TELEPHONE (949) 553-1300; FAX (866) 600-2067

Attorneys for Plaintiff RYAN VAIR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| RYAN VAIR, an individual,<br><br>                    Plaintiff,<br><br><br><br>        v.<br><br><br>A.B.L.E. SERVICES, INC., a California Corporation; and DOES 1 through 100, Inclusive<br><br><br><br>                    Defendants. | CASE NO. 30-2013-00688705-CU-WT<br>*Honorable Judge James DiCesare*<br>*Department C16*<br><br>[~~PROPOSED~~] ORDER ALLOWING AMENDMENT TO COMPLAINT PURSUANT TO C.C.P. SECTION 473(a)(1)<br><br><br><br><br><br><br><br><br><br>Complaint Filed: 11-20-2013 |

[~~PROPOSED~~] ORDER                                    FARNELL & NORMAN

1

EXHIBIT B
Page 40

1    GOOD CAUSE HAVING BEEN SHOWN:

2

3        IT IS HEREBY ORDERED that Plaintiff's Application for Leave to file the Amendment

4    to the Complaint submitted with this application as Exhibit "A" is granted.

5

6    IT IS SO ORDERED.

7

8    DATED:    JUL 0 3 2014        By: _____
                                        JUDGE JAMES DI CESKRE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

                                    2
    [PROPOSED] ORDER                                    FARNELL & NORMAN

# EXHIBIT A

EXHIBIT B
Page 42



LAW OFFICES OF
**FARNELL & NORMAN**
TRIAL LAWYERS
R. RICHARD FARNELL, BAR NO. 042448
RONALD E. NORMAN, BAR NO. 104752
2020 MAIN STREET, SUITE 770
IRVINE, CALIFORNIA 92614
TELEPHONE (949) 553-1300; FAX (866) 600-2067

Attorneys for Plaintiff RYAN VAIR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| RYAN VAIR, an individual, | CASE NO. 30-2013 00688705-CU-WT-CJC |
| | *Honorable Judge James DiCesare* |
| | *Department C16* |
| Plaintiff, | |
| | **AMENDMENT TO COMPLAINT** |
| v. | |
| A.B.L.E. SERVICES, INC., a California Corporation; and DOES 1 through 100, Inclusive | |
| Defendants. | |
| | Complaint Filed: 11-20-2013 |

AMENDMENT TO COMPLAINT

1

FARNELL & NORMAN

EXHIBIT B
Page 43

Plaintiff RYAN VAIR hereby amends his complaint in the following particulars:

1.    The name of Defendant A.B.L.E. SERVICES, INC. is amended and changed to ABLE SERVICES as follows:

2.    In the caption of the Complaint at page 1, line 18;

3.    Page 2, line 5 through 6;

4.    All references to ABLE throughout the Complaint should be amended to ABLE SERVICES.

DATED: May 13, 2014                          FARNELL & NORMAN


                                      By: _____
                                          RONALD E. NORMAN
                                          Attorneys for Plaintiff
                                          RYAN VAIR


                                      2
AMENDMENT TO COMPLAINT                      FARNELL & NORMAN

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 (Rev. April 2013)                                                          Page 1 of 4

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve. .

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. April 2013)                                                    Page 2 of 4

EXHIBIT B
Page 46

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

TBD

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                    Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name):*                    Bar No: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev. January 2010)    California Rules of Court, rule 3.221